IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| JACK THOMAS ROBINSON, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | CASE NO. 2:26-CV-98-MHT-SMD |
| | ) | |
| ELMORE COUNTY JUDICIAL, | ) | |
| | ) | |
| Respondent. | ) | |

## **RECOMMENDATION OF THE MAGISTRATE JUDGE**

Jack Thomas Robinson, an inmate proceeding *pro se*, filed a Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241. Doc. 1. On April 28, 2026, the Court entered an Order requiring Petitioner to either pay the $5.00 filing fee or file a motion to proceed *in forma pauperis* no later than May 12, 2026. Doc. 3. However, on May 13, 2026, that Order was returned to the Court as undeliverable and marked "Return to Sender; No Longer Incarcerated." Doc. 4. Thus, it appears that Petitioner is no longer located at his address of record, and the Court does not have an address at which to forward Petitioner's mail.

A district court "may . . . dismiss a case under its inherent authority, which it possesses as a means of managing its own docket so as to achieve the orderly and expeditious disposition of cases." *McNair v. Johnson*, 143 F.4th 1301, 1306-07 (11th Cir. 2025) (cleaned up). The authority of courts to impose sanctions for failure to comply with court orders and failure to prosecute is longstanding and acknowledged by Rule 41(b) of the Federal Rules of Civil Procedure. *Link v. Wabash R. Co.*, 370 U.S. 626, 629-30 (1962) (finding this authority "necessary in order to prevent undue delays in the disposition of

pending cases and to avoid congestion in the calendars of the District Courts"); *see also Moon v. Newsome*, 863 F.2d 835, 837 (11th Cir. 1989) (noting that "dismissal upon disregard of an order, especially where the litigant has been forewarned, generally is not an abuse of discretion" (citations omitted)).

A court's dismissal under its inherent authority "can be either with or without prejudice to refiling." *McNair*, 143 F.4th at 1306. Dismissal with prejudice as a sanction "is warranted only upon a 'clear record of delay or willful contempt and a finding that lesser sanctions would not suffice.'" *Mingo v. Sugar Cane Growers Co-Op of Fla.*, 864 F.2d 101, 102 (11th Cir. 1989) (per curiam) (emphasis omitted) (quoting *Goforth v. Owens*, 766 F.2d 1533, 1535 (11th Cir. 1985)); *accord McNair*, 143 F.4th at 1306. "A dismissal *without* prejudice, by contrast, doesn't require a finding of willfulness or bad faith because its consequences are less severe." *McNair*, 143 F.4th at 1306.

In this instance, the Court has no address at which to contact Petitioner, and this case cannot proceed without either payment of the requisite fee or the granting of *in forma pauperis* status. Consequently, this action is due to be dismissed without prejudice, and the undersigned concludes that no lesser sanction than dismissal would be effective. Accordingly, based on the foregoing, the undersigned RECOMMENDS that this action be DISMISSED without prejudice.

It is further ORDERED that, no later than **June 17, 2026**, the parties may file objections to this Recommendation. The parties must specifically identify the factual findings and legal conclusions in the Recommendation to which objection is made.

Frivolous, conclusive, or general objections will not be considered. The parties are advised that this Recommendation is not a final order and, therefore, is not appealable.

Failure to file written objections to the Magistrate Judge's findings and recommendations in accordance with 28 U.S.C. § 636(b)(1) will bar a party from a de novo determination by the District Court of legal and factual issues covered in the Recommendation. Additionally, such failure waives the right of the party to challenge on appeal the District Court's order based on unobjected-to factual and legal conclusions accepted or adopted by the District Court except on grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404, 410 (5th Cir. Unit B 1982) (en banc), *overruled by Douglass v. United Serv. Auto Ass'n*, 79 F.3d 1415 (5th Cir. 1996) (en banc), *superseded by statute*, Federal Magistrates Act, Pub. L. No. 111-16, 123 Stat. 1608 (codified as amended at 28 U.S.C. § 636(b)(1) (2009)); *accord* 11th Cir. R. 3-1.

DONE this 3rd day of June, 2026.

/s/ Stephen M. Doyle
STEPHEN M. DOYLE
CHIEF UNITED STATES MAGISTRATE JUDGE